**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**


ANNE HAEFELE,

      Plaintiff,

vs.                                                                  CASE NO. 5:09cv23/RS/MD

MICHAEL B. DONLEY,
as Secretary of the
United States Air Force,

      Defendant.
_____/

## ORDER

      Before me is the Defendant's Motion to Dismiss or, in the alternative,

Motion for Summary Judgment (Doc. 7) and the Plaintiff's subsequent response

(Doc. 20).

### I. STANDARD OF REVIEW

**a. Motion to Dismiss**

      In order to overcome a motion to dismiss, a plaintiff must allege enough

facts to state a claim to relief that is plausible on its face. *See Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).  A wholly conclusory statement of

a claim will not suffice. *Id*. When ruling on a motion to dismiss, all factual

allegations in the complaint must be accepted as true. *Id*.

**b. Motion for Summary Judgment**

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-252, 106 S. Ct. 2505, 2512 (1986).  The moving party has the burden of showing the absence of a genuine issue as to any material fact, and in deciding whether the movant has met this burden, the court must view the movant's evidence and all factual inferences arising from it in the light most favorable to the nonmoving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S. Ct. 1598 (1970); *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).  Thus, if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment. *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (*citing Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).  However, a mere 'scintilla' of evidence supporting the nonmoving party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (*citing Anderson*, 477 U.S. at 251, 106 S. Ct. at 2512).

## II. ANALYSIS

Plaintiff filed an appeal/complaint with the Merit Systems Protections Board alleging wrongful termination and discrimination. At issue is whether jurisdiction to hear Plaintiff's appeal of a final decision by the Merit Systems Protections Board rests with this court or the United States Court of Appeals.  Having filed a mixed petition, asserting a claim of discrimination, Plaintiff may appeal the final order of the Merit Systems Protections Board to the United States District Court. 5 U.S.C. § 7703

## III. CONCLUSION

Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment (Doc. 7) is denied.


**ORDERED** on July 8, 2009.


/S/ Richard Smoak
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**